```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

FRED SATCHEL,                   §
                                §
    Plaintiff,                 §
                                §
v.                              §   Civil Action No. H-12-3412
                                §
HOUSTON COMMUNITY COLLEGE,      §
                                §
    Defendant.                 §

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Motion to Remand (Doc. 6) and the response filed thereto. For the reasons discussed below, it is **RECOMMENDED** that the motion be **GRANTED**.

### I.  Case Background

Plaintiff filed this action in state court on December 6, 2010, asserting defamation claims against Defendant Houston Community College ("HCC") for statements made by its employees, Evelyn Josey ("Josey") and William Carter ("Carter") concerning Plaintiff. Plaintiff alleged that in 2008, Josey instructed another employee to tell Carter, the Vice Chancellor of Information Technology, that Josey was concerned that if she fired Plaintiff, Plaintiff would return to the HCC campus and "shoot up the place."[1] In response to that report, a complaint was filed against Plaintiff with the security department at HCC.[2]

---

[1]   Doc. 6, Ex. 1 to Pl.'s Mot. to Remand, Pl.'s Orig. Pet., p. 3.

[2]   Id.

In response to the lawsuit, HCC filed a plea to the jurisdiction, challenging Plaintiff's ability to file a defamation claim against it pursuant to the Texas Tort Claims Act. This plea was denied on February 11, 2011.[3]

On February 12, 2011, Plaintiff filed his First Amended Petition, alleging that in May 2009, he had been directed to hire a female instead of more qualified male candidates and retaliated against when he objected to making that hire.[4] Plaintiff also alleged that on February 2, 2010, he was terminated from his position without cause in violation of HCC's progressive discipline policy.[5] Additionally, Plaintiff complained that his picture and a picture of his vehicle were posted in the HCC parking garage, the vending machine area and the lobby of the 3100 Main building, along with a notice that Plaintiff was barred from the campus.[6] The notice informed the reader that Plaintiff would be trespassing if he entered the HCC campus.[7] Plaintiff alleged that these facts supported a state law whistleblower claim and a race discrimination

---

[3] Doc. 1, Ex. 3 to Def.'s Notice of Removal, Harris Cty. Docket Sheet, Satchel v. HCC, 2010-79335.

[4] Doc. 1, Ex. 4C to Def.'s Notice of Removal, Pl.'s 1st Am. Pet., p. 2.

[5] Doc. 1, Ex. 5A to Def.'s Notice of Removal, Order Dated Feb. 11, 2011, p. 1.

[6] Id.

[7] Id.

claim under 42 U.S.C. § 1983 ("Section 1983").[8] In addition, Plaintiff alleged that he had been subjected to a racially hostile work environment under Section 1983.[9]

Eleven months later, on January 20, 2012, Defendant filed special exceptions to Plaintiff's amended petition, complaining that it was impossible to ascertain whether Plaintiff's claims were brought "under state or federal law, Title VII, the Texas Whistleblower Act, Chapter 21 of the Texas Labor Code, the Texas or U.S. Constitutions, and/or whether Section 1983 is raised."[10] The record does not reflect whether Defendant obtained a ruling on its special exceptions.

On January 29, 2012, Plaintiff filed his Second Amended Petition, alleging that HCC breached an implied-in-fact employment contract, negligently hired, supervised or managed Josey, violated the Texas Whistleblower Act and defamed him by posting a public notice that he was a threat if he entered the HCC campus.[11] Defendant filed special exceptions to this petition. Relevant to the present inquiry, Plaintiff conceded in his response to the

---

[8] Id. at p. 5.

[9] Id. at p. 6.

[10] Doc. 1, Ex. 4D to Def.'s Notice of Removal, Def.'s Sp. Except. to Pl.'s 1st Am. Pet., p. 1.

[11] Doc. 1, Ex. 4E to Def.'s Notice of Removal, Pl.'s 2nd Am. Pet., pp. 6-9.

3

special exceptions that he had dropped his Section 1983 claims.[12] The record does not reflect whether Defendant obtained a ruling on its special exceptions.

On August 16, 2012, and October 2, 2012, Plaintiff filed amended petitions.[13] In those petitions, Plaintiff continued to allege solely state law claims: breach of an implied-in-fact employment contract, negligent supervision of Josey, defamation and violation of the Texas Whistleblower Act.[14] Defendant filed pleas to the jurisdiction relative to both amended petitions.[15]

On November 16, 2012, Plaintiff filed his Fifth Amended Petition, alleging breach of an employment agreement and an implied-in-fact agreement, a hostile work environment, gender discrimination and retaliation under Title VII, and violation of the Texas Whistleblower Act.[16]

On November 20, 2012, Defendant removed this action to this court on the ground that the Fifth Amended Petition raised a claim under a federal statute, Title VII.

---

[12] Doc. 1, Ex. 4F to Def.'s Notice of Removal, Pl.'s Resp. & Opp'n to Def.'s Special Exceptions, p. 1 ("The 1983 claim is voluntarily dismissed notwithstanding the fact it was supported by independent federal law . . . .")

[13] Doc. 1, Ex. 4G to Def.'s Notice of Removal, Pl.'s 3rd Am. Pet; Ex. 4H to Def.'s Notice of Removal, Pl.'s 4th Am. Pet.

[14] Id.

[15] Doc. 6, Ex. 5 to Pl.'s Mot. to Remand, Def.'s Plea to Juris.; Doc. 1, Ex. 4I to Def.'s Notice of Removal, Def.'s Plea to Juris.

[16] Doc. 1, Ex. 4J to Def.'s Notice of Removal, Pl.'s 5th Am. Pet.

On December 18, 2012, Plaintiff filed a motion to remand. The issue being fully briefed, the court considers the motion.

## II.   Discussion

Pursuant to 28 U.S.C. § 1441(a), a defendant in a state court action may remove the case to federal court if the federal court would have had original jurisdiction of the action. Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). The party removing an action bears the burden of establishing federal jurisdiction. Frank, 128 F.3d at 922.

Section 1446(b) of Title 28, United States Code ("Section 1446"), governs the timeliness of a removal to federal court. Generally, a notice of removal must be filed within thirty days after service of the initial pleading on the defendant. 28 U.S.C. § 1446(b)(1). However, when the original petition does not include a removable claim, subsection (b)(3) provides the time for removal:

> (3) Except as provided in subsection (c)[removal based on diversity of citizenship], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Thus, a defendant must remove the action within thirty days of receiving service of process of the pleading which first made the case removable or lose the right to remove. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344,

354 (1999); Johnson v. Heublein, 227 F.3d 236, 241 (5th Cir. 2000).

The Fifth Circuit has carved out an exception to this rule known as the revival exception. Under the revival exception, "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Johnson, 227 F.3d at 241. In Johnson, after a partial settlement and realignment of the parties, the newly-realigned plaintiffs amended the petition to reassert claims made by the original plaintiffs as well as new claims against the remaining defendants. Johnson, 227 F.3d at 240-41. Arguing that a co-defendant was fraudulently joined, two defendants removed the action within thirty days of service of the amended pleading. Johnson, 227 F.3d at 241.

The court affirmed the district court's denial of remand, finding that the amended pleading revived defendants' right to remove because the parties had been realigned, the allegations did not resemble those contained in the original complaint and the new claims now exposed defendants to substantial compensatory and punitive damages that had not been raised initially. Johnson, 227 F.3d at 241-42. The court concluded that where the complaint was amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit," a lapsed right to remove may be revived. Johnson, 227 F.3d at 241.

After <u>Johnson</u>, courts have narrowly interpreted the revival exception. See <u>STF No. 1001, L.P. v. Wright</u>, No. H-12-2136, 2012 WL 5384178 (S.D. Tex. Nov. 2, 2012)(finding that addition of fraud and tortious interference claims and a new defendant did not change the essential character of the lawsuit); <u>Air Starter Components, Inc. v. Molina</u>, 442 F.Supp.2d 374, 382 (S.D. Tex. 2006)(stating that addition of co-conspirators as parties did not change the nature of the case); <u>Clegg v. Bristol-Myers Squibb Co.</u>, 285 B.R. 23 (M.D. Fla 2002)(stating that application of revival exception was not warranted where new ground for removal - "related to bankruptcy" jurisdiction - followed an earlier waiver of removal on other grounds).

In the present case, Plaintiff's first assertion of a claim arising under the court's federal question jurisdiction was in February 2011 when he alleged a violation of Section 1983 in his First Amended Petition. Defendant argues that this allegation did not trigger Section 1446(b)(3)'s thirty-day removal period because the amended petition, while citing Section 1983 as the basis for the discrimination claims, failed to allege the federal statute that was violated under color of state law, an element of a Section 1983 claim.[17] Because of this pleading deficiency, Defendant claims it

---

[17] The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within

could not have ascertained that the case had become removable pursuant to Section 1446(b)(3). Citing Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002), Defendant argues that Section 1446(b)(3)'s thirty-day clock is triggered only when the removability of an action is "unequivocally clear and certain." Id.

Defendant overreads Bosky. In Bosky, the court found that in a diversity case, it must be clear and certain from the complaint or other papers that the plaintiff was seeking damages in excess of the minimum jurisdictional amount before the thirty-day period commenced. Bosky, 288 F.3d at 211. In so finding, the court did not conflate Section 1446(b)(3)'s "first be ascertained" language with a sufficiency-of-the-pleadings standard but merely set a bright-line test when considering whether a plaintiff had alleged that he was seeking damages in excess of the court's jurisdictional threshold.

Here, Plaintiff's First Amended Petition expressly alleged under the caption "Race Discrimination/Hostile Working Environment," that the acts alleged in the previous paragraphs constituted race discrimination and a hostile work environment under Section 1983. Defendant correctly points out that Plaintiff failed to allege

---

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

several key elements of a Section 1983 action.  Nonetheless, Plaintiff clearly invoked a claim arising under a federal statute even if, ultimately, it could not survive a Rule 12(b)(6) challenge. Thus, the court concludes that this action first became removable in February 2011, and Defendant failed to timely exercise its right of removal under Section 1446(b)(3).[18]  The court next turns to whether the revival exception is applicable.

As stated above, the revival exception to Section 1446(b)(3) applies only where the complaint has been so substantially amended that it is, in essence, a new lawsuit.  Johnson, 227 F.3d at 241. Thus, the court undertakes a review of the claims made in the present lawsuit.

In his original petition Plaintiff complained that he was defamed during the course of his employment with Defendant.[19] Several months later, in February 2011, Plaintiff alleged that his immediate supervisor, Josey, had directed him to hire a woman over

---

[18]     Further bolstering the court's conclusion that Defendant waived its right to remove this action in February 2011, is Defendant's action challenging the sufficiency of Plaintiff's Section 1983 claim in state court.  There, Defendant actively sought a ruling on the sufficiency of Plaintiff's Section 1983 claim in state court.  See Doc. 1, Ex. 4D to Def.'s Not. of Removal, Def.'s Sp. Except. to Pl.'s 1st Am. Pet., p. 2-3.  By challenging whether Plaintiff had stated a claim under Section 1983, Defendant cannot argue that it was unaware that Plaintiff had pled a Section 1983 claim.  A defendant can waive his right to remove to federal court if it defends the action in state court or otherwise invokes the processes of the state court.  Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986).  By challenging the sufficiency of the pleadings in state court, Defendant waived his right to remove this action pursuant to Section 1446(b)(3).

[19]     See Doc. 1, Ex. 4A to Def.'s Not. of Removal, Pl.'s Orig. Pet.

9

more qualified male candidates.[20] As a result of his opposition to hire the female job candidate, Plaintiff claimed that Josey retaliated against him by subjecting him to a hostile work environment and later firing him. Plaintiff alleged that Josey's actions constituted violations of Section 1983 (race discrimination and hostile work environment) and the Texas Whistleblower Act.[21] Plaintiff dropped the defamation claim.[22]

In January 2012, Plaintiff filed his Second Amended Petition that dropped the Section 1983 claims, continued to maintain the Texas Whistleblower Act/retaliation claim, revived the defamation claim and added claims for breach of an implied-in-fact contract and negligent hiring/supervision/management of Josey.[23] Plaintiff's Third Amended Petition alleged the same claims as the Second Amended Petition but added additional facts in support.[24]

Plaintiff's Fourth Amended Petition dropped the defamation and negligence claims, added a "contract-estoppel" claim and continued to assert the Whistleblower Act/retaliation claim based on facts nearly identical to those alleged in the earlier petitions.[25]

---

[20]  See Doc. 1, Ex. 4C to Def.'s Not. of Removal, Pl.'s 1st Am. Pet., p. 2.

[21]  Id.

[22]  Id.

[23]  See Doc. 1, Ex. 4E to Def.'s Notice of Removal, Pl.'s 2d Am. Pet.

[24]  See Doc. 1, Ex. 4G to Def.'s Notice of Removal, Pl.'s 3d Am. Pet.

[25]  See Doc. 1, Ex. 4H to Def.'s Notice of Removal, Pl.'s 4th Am. Pet.

Plaintiff's Fifth Amended Petition slightly amended the factual recitation, maintained his breach of contract/implied-in-fact contract and Whistleblower Act/retaliation claims and added Title VII claims for hostile work environment, gender discrimination and retaliation.[26] While Plaintiff's petitions have been somewhat of a moving target, the essence of the factual allegations has not changed since February 2011 and the legal causes of action have consistently complained of an alleged wrongful termination of Plaintiff's employment.

Based on a thorough consideration of all the petitions in this action, Defendant has not shown that Plaintiff's Fifth Amended Petition is so substantially different from the preceding petitions as to constitute a new lawsuit.  Accordingly, the court finds that the revival exception to Section 1446(b)(3) is not applicable to the present case.

### III.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED** and that this action be **REMANDED** to the 157 Judicial District Court of Harris County, Texas.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to

---

[26]    See Doc. 1, Ex. 4J to Def.'s Notice of Removal, Pl.'s 5th Am. Pet.

Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of February, 2013.

Nancy K. Johnson
United States Magistrate Judge